**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Conrado PENA–ORDONEZ, Defendant–Appellant.**

No. 02–21243.

Summary Calendar

United States Court of Appeals, Fifth Circuit.

Sept. 19, 2003.

James Lee Turner, Assistant US Attorney, David Hill Peck, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Raquel Kathy Wilson, Assistant Federal Public Defender, Aurora Ruth Bearse, Houston, TX, for Defendant–Appellant.

Before BARKSDALE, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM.*

Conrado Pena–Ordonez (Pena) appeals his conviction and the 60–month prison sentence he received upon his plea of guilty to a charge of having been present in the United States after deportation, a violation of 8 U.S.C. § 1326. We AFFIRM.

Pena contends that the district court reversibly erred in sentencing him under the guidelines, by departing upward in determining his term of imprisonment. The district court did not reversibly err, however, because the court gave acceptable reasons for departing and the extent of the departure is reasonable. *United States v. Hefferon*, 314 F.3d 211, 227 (5th Cir.2002). Furthermore, it is clear that Pena's sentence would have been no different if the district court had disregarded the fact that he had lied to law enforcement authorities in connection with his prior offenses. *See Williams v. United States*, 503 U.S. 193, 204, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992).

Pena also contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

element of the offense that should have been charged in the indictment and proved to a jury beyond a reasonable doubt. He asserts that 8 U.S.C. § 1326(a)(1) and (2) are unconstitutional on their face and as applied in his case. He acknowledges that his argument is foreclosed by the Supreme Court's decision in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Pena's contention lacks merit because *Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000).

AFFIRMED.